of a supplemental transcript, and the appeal is reinstated, and we will consider the case upon its merits.

■ Appellant complains of the indictment, in a motion to quash the same, as being vague, indefinite, ambiguous, and repugnant, and charging the appellant with separate and distinct offenses. We find no order of any kind in the record disposing of such motion to quash; however, we say that the pleader seems to have endeavored to meet whatever facts might arise upon the trial of the case by providing in six separate counts a charge for the theft of a certain automobile. We note that only the sixth count in such indictment was submitted to the jury. That is for the theft of an automobile belonging to Glenn Burke, and which was held by Burl McKee as custodian for said Burke, such taking being without the consent of either of them. This count seems to be understandable and in proper form.

■ Appellant further complains that the facts show the offense to have been committed in Runnels county rather than in Tom Green county, where this trial was had. There is no statement of facts in the record, hence we cannot pass upon this contention.

Finding no error herein, this judgment is affirmed.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction is for burglary; the punishment, confinement in the state penitentiary for a term of six years.

The record is before us without a statement of facts or bills of exceptions. The indictment is in due form and sufficient to charge the offense.

All other matters appearing regular, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.